IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREDDIE GIEBEL,

                Plaintiff,                      OPINION AND ORDER

v.

                                                 10-cv-645-slc[1]

SARA KROPP, SANDY HABECK, TIMOTHY
LUNDQUIST, TOM GOZINSKE, MORGAN
BAILEY, GEORGE SALDARIS, THERESA MURPHY,
DR. PATRICK MURPHY, and DR. MARY SAUVEY,

                Defendants.

---

Plaintiff Freddie Giebel filed this complaint under 42 U.S.C. § 1983 alleging that he is being wrongfully denied a prescribed diet for his diabetes by certain employees of the Wisconsin Department of Corrections. He paid the $350 filing fee. However, because Giebel is a prisoner, he is subject to the 1996 Prison Litigation Reform Act. Pursuant to the act, the court will screen his complaint pursuant to 28 U.S.C. § 1915A. The Court will also address Giebel's motion for appointment of counsel, motion for the appointment of a medical expert and motion for preliminary injunction.

ALLEGATIONS OF FACT[2]

Plaintiff Freddie Giebel is an inmate at the Oshkosh Correctional Institution in Oshkosh, Wisconsin. Defendant Sara Kropp is the Health Services Manager at the

---

[1] For the purpose of issuing this order, Judge William M. Conley acts for the court.

[2] These allegations are taken from the pleadings Giebel submitted, including his complaint, motion to appoint counsel and supporting brief, motion to appoint medical expert and supporting affidavit and declaration.

institution and Morgan Bailey is her assistant. Defendant Sandy Habeck is the Food Services Administrator and defendant George Saldaris is her assistant. Defendants Dr. Murphy and Dr. Mary Sauvey are the primary physicians at the institution. Defendant Theresa Murphy is the institution's inmate complaint examiner. Defendant Timothy Lundquist is the secretary of the Department of Corrections and defendant Tom Gozinske is the Bureau of Health Services coordinator.

Giebel is a "brittle diabetic."[3] Prior to his transfer from the Dodge Correctional Institution to the Oshkosh Correctional institution, Giebel was prescribed an 1800 calorie diet for his diabetes. Oshkosh Correctional Institution has confirmed that this diet has been ordered. Giebel, however, has not received the diet since arriving at Oshkosh Correctional Institution, more than seven months ago.

Giebel, who is 79, suffers considerable pain, complications and irreparable harm caused by the denial of his diabetic diet. He has been placed on insulin because of high blood sugar caused, at least in material part, by the food he is eating.

He states as follows:

> After following through with all the correct and proper channels (Health Services, Food Service, Unit Manger, Correctional Officers and the inmate grievance system) with attempts to receive the diet and clarify why I am not getting the diet I was finally told that the meals do meet the regulations of low-fat, low cholesterol with step one diet, that as far as the calorie intake and the carbohydrates intake is up to my own accord when going through the serving line, that food service does not

---

[3] Brittle diabetes is a type of insulin-dependent diabetes characterized by dramatic and recurrent swings in glucose levels, often occurring for no apparent reason.

2

>have the means to make diabetic trays specifically to personal specifications as there are simply too many of them to make, that the plaintiff needs to self select according to his own dietary needs (ICE Report 9-28-2010).

Giebel also asserts that contrary to defendant Kropp's statement to him that the institution does not make special medical diets, other inmates with medical needs are receiving special medical diets.

OPINION

The Eighth Amendment prohibits prison officials from showing deliberate indifference to prisoners' serious medical needs or suffering. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To state a deliberate indifference claim, a plaintiff must allege facts from which it may be inferred that he had a serious medical need and that prison officials were deliberately indifferent to that need. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

"Serious medical needs" include (1) conditions that are life-threatening or that carry risk of permanent serious impairment if left untreated; (2) those in which the deliberately indifferent withholding of medical care results in needless pain and suffering; or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez*, 111 F.3d at 1371-73. Giebel has alleged that he has diabetes, which is a serious medical need. If left untreated, diabetes can cause risk of permanent serious injury.

A prison official has acted with deliberate indifference when the official "knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk."

*Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (citing *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)). The deliberate refusal to provide an inmate with prescribed medication can violate the Eighth Amendment. *Walker,* 293 F.3d at 1040. The failure to provide inmate diabetics with a special diet could be cruel and unusual punishment in some circumstances*. See Sellers v. Henman*, 41 F.3d 1100, 1102-03 (7th Cir. 1994)(defendants could be held liable if they deliberately withheld dietary accommodations that they knew inmate needed to avoid a diabetic crisis).

Fed. R. Civ. P. 8 requires that a complaint set forth a (1) short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. In this case, Giebel has not set forth a short and plain statement of his claim. His complaint is scattered throughout the six documents he has submitted. It appears that he might be able to state a claim against defendant Kropp, but the court cannot ask defendants to answer a complaint which is contained in six separate documents. Further, the complaint is completely vague as to the involvement of the other defendants.

Because Giebel's complaint does not comply with Rule 8, the court will dismiss it without prejudice. Giebel will be afforded an opportunity to submit an amended complaint that complies with Rule 8. Attached to this opinion is a blank complaint form for plaintiff to fill out. In filling out the form, plaintiff should explain his claims in full sentences, in numbered paragraphs and in a way that would enable someone reading the complaint to answer the following questions:

- What knowledge of Giebel's prescription diabetic diet did each defendant have?

- What knowledge did each defendant have of the existence and degree of adverse consequences of requiring Giebel to attempt to self-restrict his own intake from a regular diet?

- What action, if any, did each defendant take to deny him the prescribed diet?

- What have been the demonstrable adverse impacts of this denial to date?

Plaintiff will have **until February 22, 2011, to file an amended complaint** that complies with Rule 8 and this Opinion and Order. If plaintiff does this, the court will take the amended complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). If he fails to respond to this order by February 22, however, the case will remain closed.

The court will wait to address plaintiff's motion for appointment of counsel and for a medical expert until he submits an amended complaint. Giebel asks for a preliminary injunction ordering that he receive a proper diet and a thorough examination by a specialist to determine the harm caused him. This motion does not comply with this Court's *Procedure to be Followed on Motions for Injunctive Relief*, a copy of which is being provided to Giebel with this order. His motion will be denied without prejudice to his re-filing in accordance to these procedures on or after filing of an amended complaint.

ORDER

IT IS ORDERED that: (1) plaintiff's Freddie Giebel's complaint is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8; (2) plaintiff may have until

February 22, 2011, in which to file an amended complaint that complies with Fed. R. Civ. P. 8; and (3) if plaintiff fails to file an amended complaint by that date, the clerk's office is directed to close this case.

IT IS FURTHER ORDERED that Giebel's motion for a preliminary injunction is DENIED without prejudice for his failure to comply with this court's procedures.

Entered this 20th day of January, 2011.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge